**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

| | | |
|---|---|---|
| JOSE MANUEL ROJAS HERRERA, | ) | |
| Plaintiff, | ) ) | |
| v. | ) ) | |
| | ) | No. 2:26-cv-02921-SHL-cgc |
| CHRISTOPHER BULLOCK, in his official capacity as Field Office Director, U.S. Immigration and Customs Enforcement, New Orleans Field Office; et al., | ) ) ) ) | |
| Defendants. | ) ) | |

**ORDER REQUIRING RESPONSE
AND STAYING TRANSFER OF PLAINTIFF**

On July 24, 2026, Plaintiff Jose Manuel Rojas Herrera filed the Emergency Motion for Temporary Restraining Order, Stay of Removal, and Request for Release, which he labeled on the docket as a petition for writ of habeas corpus. (ECF No. 1.) Plaintiff is a citizen of Venezuela alleging that he unlawfully entered the United States beginning in 2008. (Id. at PageID 4.) In March 2019, Plaintiff "was ordered removed . . . under a B-2 Visa after discovery of employment." (Id. at PageID 4.) He was subsequently deported from the United States, but reentered the country in 2022. (Id.) Thereafter, Immigrations and Customs Enforcement ("ICE") required him to attend check-in meetings every six months. (Id.)

In January 2026, Plaintiff was given an ankle monitor and directed to attend ICE check-in meetings every month. (Id.) He was detained by ICE at one such check-in on July 22, 2026. (Id.) Plaintiff allegedly remains in Defendant Christopher Bullock's custody in West Tennessee as of the filing of the Motion. (Id. at PageID 3.)

In the Motion, Plaintiff challenges the execution of his removal order by Defendants, but does not explain what about being in Defendants' custody is unlawful. Rather, his Motion

requests a stay of removal, as he "seeks time to pursue reasonable-fear and protection-based procedures that the regulations make available to persons in his procedural posture." (Id. at PageID 5.)  The Motion also asserts in passing that the Court also has jurisdiction "to the extent necessary" to review habeas corpus claims brought under 28 U.S.C. § 2241.  (Id. at PageID 7.)

Plaintiff does not address the factual circumstances surrounding his 2026 arrest or the legality of his detention.  Therefore, at present, it is unclear whether the Court has jurisdiction to grant the relief he seeks.

Upon review of the Motion, it is **ORDERED** as follows:

(1)    Within **three business days** of this Order, Plaintiff shall serve one copy each of the Motion and this Order (ECF No. 5) on the United States Attorney for the Western District of Tennessee at the following address:

> Stuart Canale, Assistant United States Attorney
> United States Attorney's Office
> 167 North Main Street
> Suite 800
> Memphis, TN 38103

Additionally, if he has not done so already, Plaintiff shall send the documents listed above to the United States Attorney for the Western District of Tennessee electronically at the following email address: **stuart.canale@usdoj.gov**.  Failure to fully comply with these service requirements may justify denial of the Motion.  See Fed. R. Civ. P. 41(b) ("If the plaintiff fails to . . . comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it.").

(2)    Within **three business days** after Plaintiff fully complies with the above requirements, Defendants shall respond in writing.  If the basis of Plaintiff's detention is 8 U.S.C. § 1225(b)(2)(A) and Defendants oppose his release, Defendants shall either distinguish

2

this case the Sixth Circuit's opinion in <u>Lopez-Campos v. Raycraft</u>, 175 F.4th 713 (6th Cir. 2026), or state why <u>Lopez-Campos</u> otherwise does not apply.  If no such showing is made, Defendants shall state whether they consent to the issuance of the writ.  Alternatively, if Defendants contend that <u>Lopez-Campos</u> does not apply here, they shall state why.

(3)    Defendants shall address in their response, both Plaintiff's request for the administrative record related to Rojas Herrera's 2019 and 2026 removal proceedings, and whether he has received a reasonable-fear interview under 8 C.F.R. § 208.31.

(4)    Plaintiff may file a reply within **three business days** after Defendants' responsive filing.  He is invited to (a) clarify whether the Court has jurisdiction here, (b) address whether <u>Lopez-Campos</u> is implicated, and (c) explain the grounds for his request for a stay of removal and immediate release, if those grounds do not sound in habeas.

(5)    Defendants shall not transfer Plaintiff out of the Western District of Tennessee during the pendency of this action.  In the event that Plaintiff is transferred outside of the District before this Order is filed, Defendants shall, at the Government's sole expense, return Plaintiff to this District.

**IT IS SO ORDERED,** this 27th day of July, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE

3