**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TENNESSEE**
**WESTERN DIVISION**

| | | |
|---|---|---|
| JOSE MANUEL ROJAS HERRERA,<br>Petitioner,<br><br>v.<br><br>CHRISTOPHER BULLOCK, in his official capacity as Field Office Director, U.S. Immigration and Customs Enforcement, New Orleans Field Office; et al.,<br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 2:26-cv-02921-SHL-cgc |

**ORDER DISMISSING PETITION**

On July 24, 2026, Petitioner Jose Manuel Rojas Herrera filed an Emergency Motion for Temporary Restraining Order, Stay of Removal, and Request for Release, which he labeled on the docket as a petition for writ of habeas corpus. (ECF No. 1.) He seeks an Order staying his transfer outside of the United States and staying the execution of any removal order while his case is pending. (Id. at PageID 11.) Respondent responded on July 30, 2026. (ECF No. 7.) According to Respondent, Petitioner is lawfully detained under 8 U.S.C. § 1231, and regardless, Petitioner should be required to exhaust his administrative remedies (Id. at PageID 23–24.) Additionally, Respondent asserts that this Court lacks subject matter jurisdiction under 8 U.S.C. § 1252(g), and that, to the extent Petitioner seeks a reasonable fear interview, a habeas petition is the improper vehicle for such relief. (Id. at PageID 26.)

For the reasons stated below, the Petition is **DISMISSED WITHOUT PREJDUICE**.

**BACKGROUND**

Petitioner is a citizen of Venezuela alleging that he unlawfully entered the United States in 2008. (Id. at PageID 4.) In March 2019, Petitioner "was ordered removed . . . under a B-2

Visa after discovery of employment." (Id. at PageID 4.) He was subsequently deported from the United States, but reentered the country in 2022. (Id.) Thereafter, Immigrations and Customs Enforcement ("ICE") required him to attend check-in meetings every six months. (Id.) In January 2026, Petitioner was given an ankle monitor and directed to attend ICE check-in meetings every month. (Id.) He was detained by ICE at one such check-in on July 22, 2026. (Id.)

Petitioner challenges the execution of his removal order by Defendants, but does not explain what about being in Defendants' custody is unlawful. Rather, his Motion requests a stay of removal, as he "seeks time to pursue reasonable-fear and protection-based procedures that the regulations make available to persons in his procedural posture." (Id. at PageID 5.) The Motion also asserts in passing that the Court also has jurisdiction "to the extent necessary" to review habeas corpus claims brought under 28 U.S.C. § 2241. (Id. at PageID 7.)

In response, Respondent argues that Petitioner is lawfully detained under 8 U.S.C. § 1231 because he is subject to a final order of removal, and, under Zadvydas v. Davis, 533 U.S. 678, 689 (2001), Respondent can keep Petitioner detained for up to six months. (ECF No. 7 at PageID 23.) Additionally, Respondent argues that the Court lacks jurisdiction to provide Petitioner relief because Petitioner is asking the Court to stay enforcement of his final order of removal, which is impermissible under 8 U.S.C. § 1252(g). (Id. at PageID 25.) Finally, Respondent argues that, to the extent Petitioner requests a reasonable fear interview, this Court cannot grant such relief in habeas proceedings. (Id. at PageID 26.)

## ANALYSIS

8 U.S.C. § 1231 controls the detention of non-citizens "during" and "beyond" removal. 8 U.S.C. § 1231(a)(2)–(6). The "removal period" begins once a noncitizen's removal order

"becomes administratively final." § 1231(a)(1)(B). The removal period lasts for ninety days, during which ICE "shall remove the [non-citizen] from the United States." § 1231(a)(1)(A). And ICE "shall detain the [non-citizen]" as it carries out the removal. § 1231(a)(1)–(2).

After the initial ninety-day detention period, a noncitizen "ordered removed . . . as inadmissible under section 1182 of this title . . . may be detained beyond the removal period" or "released" subject to terms of supervision. § 1231(a)(6); Zadvydas, 533 U.S. at 683. A period of detention under six months is a "presumptively reasonable period of detention." Zadvydas, 533 U.S. at 701.

Here, Petitioner received a final order of removal on March 28, 2019. (ECF No. 7 at PageID 22.) On that date, Petitioner departed the United States. (Id.) After reentry, Petitioner received a subsequent order of removal, which became final January 4, 2022. (ECF No. 7-1 at PageID 28.) After the initial ninety-day detention period expired in 2022, Petitioner can be detained at the Government's discretion, as long as that detention does not exceed six months. See Zadvydas, 533 U.S. at 683. Because Petitioner's approximately three-month detention is, so far, within the six-month presumptively reasonable period of detention under Zadvydas, based on the information presently before the Court, the Petition is denied without prejudice.

If, however, the United States does not remove Petitioner after six months of detention, a subsequent habeas petition may have a different result.

## CONCLUSION

Therefore, the Petition is **DENIED WITHOUT PREJUDICE**.

**IT IS SO ORDERED,** this 13th day of October, 2026.

s/ Sheryl H. Lipman
SHERYL H. LIPMAN
CHIEF UNITED STATES DISTRICT JUDGE